E-FILING

ADR

1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
2  ERIC A. KAUFFMAN (224612)
   Five Palo Alto Square
3  3000 El Camino Real
   Palo Alto, CA  94306-2155
4  Telephone:    (650) 843-5000
   Facsimile:    (650) 849-7400
5
   Attorneys for Defendant
6  ELECTRIC POWER RESEARCH INSTITUTE

ORIGINAL FILED

OCT 1 2 2007

RICHARD W. ...
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE OFFICE

11                 C07   05229   PVT

12  GEORGE E. SLITER,                        State Court Case No.  107CV089965

13              Plaintiff,                   **NOTICE OF REMOVAL PURSUANT TO 28
                                             U.S.C. § 1441(B) (FEDERAL QUESTION)**
14       v.

15  ELECTRIC POWER RESEARCH
    INSTITUTE, a California not-for-profit
16  Corporation, and DOES 1 through 8,
    inclusive,
17
                Defendant.
18

19       **To The Clerk Of The Above-Entitled Court:**

20       **Please Take Notice** that defendant Electric Power Research Institute ("EPRI") hereby

21  removes to this Court the state court action described below.  This Court has jurisdiction pursuant

22  to 28 U.S.C. § 1331 because one of Plaintiff George Sliter (Plaintiff)'s claims is preempted by the

23  Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

24                       <u>**Procedural History**</u>

25       1.       EPRI is a defendant in a civil action filed in and presently pending before the

26  Superior Court of the State of California in and for the County of Santa Clara, *George E. Sliter v.*

27  *Electric Power Research Institute, a California not-for-profit Corporation, DOES 1 through 8,*

28

761120 v1/PA                              -1-

*inclusive*, Case No. 107CV089965 (the "State Court Action").

2.    The State Court Action was filed on July 16, 2007. On July 24, 2007, counsel for EPRI received and accepted service of the Complaint on behalf of EPRI.

3.    The Complaint alleges claims for: (1) Age Discrimination in Violation of California Government Code § 12940 *et seq.*; (2) Wrongful Termination in Violation of Public Policy; and (3) Breach of Implied Contract.

4.    On August 16, 2007, EPRI filed an Answer and Affirmative Defenses to the Complaint.

5.    The following are the only documents in this matter filed in court which are known to EPRI:

    (a)    Summons (attached as Exhibit A);

    (b)    Civil Case Cover Sheet (attached as Exhibit B);

    (c)    Complaint for Age Discrimination, Wrongful Termination in Violation of Public Policy, and Breach of Implied Contract (attached as Exhibit C);

    (d)    Answer of Defendant Electric Power Research Institute to Plaintiff's Unverified Complaint (attached as Exhibit D); and

    (e)    Order Granting the parties' Stipulation and Protective Order (attached as Exhibit E).

### Plaintiff's Actions Supporting Removal

6.    Plaintiff's third claim (Breach of Implied Contract) alleges that EPRI had an unspecified policy of "providing severance pay to employees whose positions were eliminated due to restructuring or other economic circumstances." (Complaint ¶ 23, Exhibit C).

7.    EPRI terminated Plaintiff's employment "for cause" in December 2006 and Plaintiff did not receive any severance benefits.

8.    Plaintiff alleges that EPRI's failure to pay severance "constituted a breach of an implied contract." (Complaint ¶ 26, Exhibit C).

9.    At all relevant times, EPRI maintained the EPRI Severance Compensation Plan ("the EPRI Plan"), an ERISA welfare benefit plan. (A copy of the EPRI Plan is attached as

1    Exhibit F). To apply for ERISA severance benefits under the EPRI Plan, an eligible employee

2    must first submit a written application for benefits to the Plan Administrator, and if the

3    application is denied, the employee must follow the EPRI Plan's detailed appeal process.

4    (Exhibit F). Only after an eligible employee exhausts all administrative remedies under the EPRI

5    Plan can he file a civil action for the denial of benefits. (Exhibit F).

6        **10.**    Nowhere in the Complaint does Plaintiff mention and/or reference the EPRI Plan.

7    Instead, he alleges that he had an unspecified implied contract with EPRI for certain benefits.

8    Moreover, following his termination and before filing this lawsuit, Plaintiff never submitted a

9    written application for severance benefits to the Plan Administrator and never exhausted the EPRI

10   Plan's administrative remedies.

11       **11.**    At the time it responded to the Complaint, EPRI had no knowledge, based upon

12   the allegations contained in the Complaint, that Plaintiff potentially was seeking severance

13   benefits under the EPRI Plan.

14       **12.**    EPRI first became aware that Plaintiff may be seeking ERISA benefits under the

15   EPRI Plan during Plaintiff's deposition on **September 14, 2007**. When Plaintiff was shown the

16   EPRI Plan as an exhibit, he testified that: he had never before seen the EPRI Plan; he was not

17   aware (either at the time of his termination or at the time the lawsuit was filed), that EPRI had a

18   severance plan in place; and he did not submit an application to the Plan Administrator for

19   ERISA severance benefits under the EPRI Plan. (The relevant portions of Plaintiff's deposition

20   transcript are attached as Exhibit G). Plaintiff's counsel then indicated, on the record, that

21   Plaintiff's Breach of Implied Contract claim would most likely be amended to include a claim for

22   ERISA-severance benefits under the EPRI Plan. (Exhibit G).

23       **13.**    Thereafter, on **September 21, 2007**, Plaintiff submitted a claim for severance

24   benefits to the EPRI Plan Administrator. (Plaintiff's ERISA severance benefits claim is attached

25   as Exhibit H). This confirms that Plaintiff is now seeking (for the first time in this lawsuit)

26   ERISA severance benefits pursuant to the EPRI Plan.

27       **The EPRI Plan is a Welfare Benefit Plan Under ERISA**

28       **14.**    The severance benefit provisions of the EPRI Plan constitute a welfare benefit plan

1  under ERISA because the Plan requires managerial discretion in the "ongoing administration

2  scheme in the provision of benefits." *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12

3  (1987). Importantly, the EPRI Plan is not specific to an individual employment contract and does

4  not provide for a one-time, lump-sum payment triggered by a single event. Instead, under the

5  EPRI Plan, all eligible EPRI employees are either granted or denied severance payments based

6  upon the specific terms of their separation from EPRI. *See Collins v. Ralston Purina Co.*, 147

7  F.3d 592, 595-96 (7th Cir. 1998) (the prospect of making multiple payments to various employees

8  at different times and under different circumstances creates an ongoing administrative scheme).

9  Furthermore, the EPRI Plan vests discretion in the Plan Administrator to decide issues of

10 eligibility for severance pay and/or receipt of benefits, and the EPRI Plan also provides for a

11 reasonable claims procedure, including a procedure for appeal of denied claims. (Exhibit F). *See*

12 *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1322 (9th Cir. 1992) (employee retention plan requiring

13 discretionary decision by employer regarding receipt of benefits covered by ERISA); *Collins*, 147

14 F.3d at 597 (determination that job responsibilities of certain employees were "substantially

15 reduced" required discretion). These provisions are hallmarks of an ongoing administration

16 scheme. *See Bogue*, 976 F.2d at 1322.

17      **15.**    As such, the severance benefit provisions of the EPRI Plan constitute a welfare

18 benefit plan under ERISA and the State Court Action is removable.

19                 **This Court's Original and Supplemental Jurisdiction**

20      **16.**    This Court has original jurisdiction over the third cause of action of the Complaint

21 for Breach of Implied Contract under 28 U.S.C. § 1331, and the action may be removed pursuant

22 to 28 U.S.C. § 1441(b), because this cause of action (through which Plaintiff now seeks severance

23 benefits under the EPRI Plan) is preempted by ERISA, 29 U.S.C. § 1001 *et seq.*    *See*

24 *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987) (claims that are redressable under

25 ERISA's civil enforcement provisions are removable because they are necessarily federal in

26 character); *Cantrell v. Great Republic Insurance*, 873 F.2d 1249, 1253 (9th Cir. 1989) (state law

27 causes of action related to an ERISA plan preempted by ERISA and therefore removable).

28      **17.**    This Court also has original jurisdiction over the third claim of the Complaint

because this claim is a civil action brought by an EPRI Plan participant to recover benefits allegedly owed to him under the Plan. *See* 29 U.S.C. § 1132(e) (federal district court has jurisdiction over claims brought by participant to recover ERISA plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).)

18. This Court has supplemental jurisdiction over the first and second causes of action of the Complaint (Age Discrimination and Wrongful Termination in Violation of Public Policy) under 28 U.S.C. § 1367(a), and the action may be removed pursuant to 28 U.S.C. § 1441, because the causes of action arise from the same case and controversy as the third cause of action (Breach of Implied Contract) over which this Court has original jurisdiction.

### Timeliness of Removal

19. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of receipt of a copy of "other paper" from which EPRI first ascertained that the case is one which is or has become removable (*i.e.*, Plaintiff's deposition testimony and Plaintiff's application to the Plan Administrator for ERISA severance benefits). *See Peters v. Lincoln Elec. Co*, 285 F.3d 456 (6th Cir. 2002) (plaintiff's responses to deposition questions constitute "other paper" under Section 1446(b)); *Riggs v. Continental Baking, Co.*, 678 F.Supp. 236 (N.D. Cal. 1988) (same); *see also Healthcare Serv. Corp. v. Tap Pharm. Prods., Inc.*, 274 F.Supp.2d 807 (E.D. Tex. 2003) (upholding removal where defendant removed action within 30 days of receiving plaintiff's discovery responses that identified ERISA-governed benefit plan as the subject of the case; a fact that plaintiff's complaint had not disclosed); *Davis v. Chrysler Corp.*, 950 F.Supp. 327 (N.D. Ala. 1997) ("other paper" is not limited to papers filed in court and can include correspondence from plaintiff's counsel that first informs defendants of possible federal court jurisdiction).

### Notice to State Court and Adverse Party

20. Pursuant to 28 U.S.C. § 1446(d), EPRI will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Santa Clara and will also promptly give Plaintiff and his attorney of record notice of this Notice of Removal.

1    **Therefore**, EPRI respectfully requests that this case proceed before this Court as an action

2   properly removed.    This Notice of Removal is signed pursuant to Federal Rule of Civil

3   Procedure 11.

4       Dated: October 12, 2007            COOLEY GODWARD KRONISH LLP

5

6                                     By:_____

7                                            Eric A. Kauffman

8                                     Attorneys for Defendant
                                      ELECTRIC POWER RESEARCH INSTITUTE

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Electric Power Research Institute, A California not-for-profit
Corporation, and Does 1 through 8, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
George E. Sliter



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
2007 JUL 16 PM 3:11
KIRI TORRE
Wendel

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> (El nombre y dirección de la corte es:) <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA <br> 191 North First Street <br> San Jose, CA 95113 | CASE NUMBER: <br> (Número del Caso): <br> **1 0 7 C V 0 8 9 9 6 5** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Dennis L. Kennelly (Bar # 064916)
Law Office of Dennis L. Kennelly
1030 Curtis Street, Suite 200, Menlo Park, CA 94025

Phone No. (650) 853-1291
Fax No. (650) 854-7839

| DATE: <br> (Fecha) **JUL 1 6 2007** | Kiri Torre <br> Chief Executive Officer/Clerk | Clerk, by <br> (Secretario) _____ Wendel, Deputy <br> (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under:  ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT B**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, _____ and address):
Dennis L. Kennelly (State Bar # 063916)
Law Office of Dennis L. Kennelly
1030 Curtis Street, Suite 200, Menlo Park, CA 94025
TELEPHONE NO: (650) 853-1291    FAX NO: (650) 854-7839
ATTORNEY FOR (Name): Plaintiff George E. Sliter

FOR COURT USE ONLY

FILED
UCS
2007 JUL 16  P 4: 11

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME:

CASE NAME:
Sliter v. Electric Power

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 107CV089065 JUDGE: DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.463)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): THREE   (3)

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 27, 2007

Dennis L. Kennelly
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220  of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT C**

1   LAW OFFICE OF DENNIS L. KENNELLY
    DENNIS L. KENNELLY, No. 064916
2   1030 Curtis Street, Suite 200
    Menlo Park, CA 94025
3   Telephone:  650/853-1291
    Facsimile:  650-365-854-7839
4
    Attorney for Plaintiff
5   GEORGE E. SLITER

6                                                                    FILED  Santa Clara Co
                                                                     07/16/07
7                                                                    Kiri Torre
                                                                     Chief Executive Offi
8                                                                    By: dwendel DT8CIV010
         **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**              R#200700069348
9          **IN AND FOR THE COUNTY OF SANTA CLARA**                  $320.00
                                                                     Case: 1-07-CV-089965
10

11   GEORGE E. SLITER,                    )   Case No.: **1 0 7 C V 0 8 9 9 6 5**
                                          )
12              Plaintiff,                )   **COMPLAINT FOR:**
                                          )   1)   **AGE DISCRIMINATION;**
13              v.                        )   2)   **WRONGFUL TERMINATION IN**
                                          )        **VIOLATION OF PUBLIC**
14   ELECTRIC POWER RESEARCH              )        **POLICY**
     INSTITUTE, A California not-for-     )   3)   **BREACH OF IMPLIED**
15   profit Corporation, DOES 1 through   )        **CONTRACT**
     8, inclusive,                        )
16                                        )
17              Defendants.               )
                                          )
     _____ )
18

19

20

21      Plaintiff George Sliter (hereafter "Plaintiff") alleges as follows:

22                    **GENERAL CHARGING ALLEGATIONS**

23      1.     At all times relevant herein Plaintiff was and is a resident of the County

24   of San Mateo, State of California.

25      2.     At all times relevant herein, Defendant Electric Power Research Institute

26   (hereinafter "EPRI") was a not-for-profit corporation with its headquarters in the City

27   of Palo Alto, County of Santa Clara, State of California, EPRI is a not-for-profit

28   corporation organized and existing under the laws of the State of California.

                                                                                          1

3.      Defendants DOE I through DOE X, inclusive, were at all times relevant herein employees, agents, officers and/or members of the Board of Directors of Defendant DTS.   Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of this Court to amend this Complaint to allege the true names and capacities when ascertained.

4.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner or joint venturer of the remaining Defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants.

5.      Plaintiff is a sixty-nine year-old white male whose date of birth is June 25, 1938. Plaintiff was first employed by EPRI on November 21, 1974 as a project manager in the Nuclear Power Sector.  Since that time he has served in a number of other capacities at EPRI and has received positive performance evaluations and periodic salary increases along with occasional bonus payments. In February 2006 Plaintiff sought to take advantage of EPRI's transition to a retirement program under which employees are allowed to scale back to half time or less for the final three years of their employment.  Plaintiff moved to half time status on April 1, 2006 and fully expected to remain employed for the entire three years until March 30, 2009. At the beginning of his phase-in period he was assigned to manage two projects.   On December 1, 2006 Plaintiff's employment was terminated purportedly for cause. He was given no severance pay.  Plaintiff's termination was pretextual and constituted age discrimination.  He was let go so that EPRI could find a spot for a substantially younger individual, Charles Mengers, who then worked for EPRI's sister profit-making company, EPRI Solutions which was being disbanded and integrated into EPRI. At bare minimum Plaintiff's termination should have been treated as a layoff

1  and an appropriate severance package offered to him.  As a result of the actions of
2  EPRI Plaintiff has suffered economic and emotional distress damages and such
3  damages are continuing.  Plaintiff's termination was without good cause and for no
4  valid business reason.

**FIRST CAUSE OF ACTION**

5  (Age Discrimination in Violation of California Government Code §129400 et Seq.)
6

7      6.      Plaintiff hereby realleges and incorporates by reference herein, as if fully
8  set forth, Paragraphs 1 through 5 of this Complaint.

9      7.      Plaintiff is white male whose date of birth is June 25, 1938.  Plaintiff was
10  first employed as a EPRI employee in November 1974, its first full year of operation.
11  His position was Project Manager in the Nuclear Power Sector of EPRI.  Plaintiff's pre-
12  EPRI background included a Ph.D. in Theoretical and Applied Mechanics and ten
13  years of research experience at Martin Marietta Aerospace and Stanford Research
14  Institute.

15      8.      In February 2006 Plaintiff sought to participate in an EPRI phase into
16  retirement program.  Under the program's terms, Plaintiff hours were cut to half time
17  (with a commensurate reduction in pay) and he agreed to work no more than three
18  years before taking his retirement benefits.  Plaintiff was accepted into the program
19  and began his half time work schedule on April 1, 2006.

20      9.      After entering the retirement phase-in program Plaintiff received a
21  Performance Improvement Plan as a result of one of his EPRI contractors missing an
22  end-of-2005 deadline for issuing a software product.  The software issued on March
23  31, 2006, three months late and prior to the start of the Plaintiff's phase-in period.
24  The Performance Improvement Plan advised against Plaintiff having any products
25  being delayed in the future.

26      10.      After switching to the retirement phase-in program, Plaintiff was
27  assigned to manage two projects.  On the project of higher priority, he was not
28  authorized to use budgeted funds to engage an expert consultant as Principal

COMPLAINT                                                                                  3

1  Investigator to perform the work, which is EPRI's well-established practice. Instead,
2  his superiors made the unusual decision to have Plaintiff perform the work as
3  Principal Investigator himself. Plaintiff agreed to do this but cautioned his superiors
4  that EPRI's electric utility customers would not be getting the same level of
5  professional expertise that would have been provided with the retention of an expert.
6  Upon completion of the draft final report for the project, a customer committee
7  requested that the publication date by delayed so that they could have more time for
8  review and comment. This delay, over which the Plaintiff had no control, was no
9  doubt a major reason for his termination, since, at the time of his departure he was
10  provided no other reason than "it was a management decision."

11        11.    Plaintiff's employment was terminated in December 1, 2006. His
12  termination was without cause, for no valid business reason and was a pretext for
13  age discrimination. Among the purposes for the pretext was to allow a substantially
14  younger individual to fill Plaintiff's place in the organization and to avoid paying
15  Plaintiff the severance pay to which company policy would entitle him under such
16  circumstances.

17        12.    In the past, EPRI's policy has been to provide employees, especially long-
18  term employees, a severance package when there was an economic layoff or when an
19  employee was laid off because his or her position was eliminated. Plaintiff was not
20  provided any severance pay.

21        13.    The actions of EPRI violated the California Government Code's
22  prohibitions on age discrimination.

23        14.    Plaintiff filed a timely complaint with the California Department of Fair
24  Employment and Housing or ("DFEH"). A copy of which is attached as *Exhibit A*.
25  Plaintiff received a right to sue letter from the DFEH dated a copy of which is
26  attached hereto as *Exhibit B*.

27        15.    As a result of the illegal and discriminatory termination of his
28  employment, Plaintiff has suffered economic damage in the form of lost wages and

COMPLAINT                                                                    4

1  benefits.  As a further result of the actions of Defendants, Plaintiff has suffered

2  emotional distress and has been damaged thereby.

3       16.    The actions of EPRI in terminating Plaintiff's employment because of his

4  age were taken willfully, fraudulently, maliciously and in conscious disregard of his

5  rights under the Government Code.   The actions were taken and/or ratified by

6  managing agents of EPRI.   Plaintiff is accordingly entitled to punitive damages

7  against EPRI in view of its financial condition

8                              **SECOND CAUSE OF ACTION**
                     (Wrongful Termination in Violation of Public Policy)
9

10      17.    Plaintiff hereby realleges and incorporates by reference herein, as if fully

11  set forth, Paragraphs 1 through 16 of this Complaint.

12      18.    Plaintiff's termination constituted age discrimination in violation of

13  section 12940 of the California Government Code.

14      19.    Plaintiff's termination was a violation of the Public Policy of the State of

15  California as set forth in the Government Code as aforesaid.

16      20.    As a result of the illegal termination, Plaintiff has suffered both economic

17  and emotional distress damages and such damages have continued.

18      21.    The actions of EPRI in terminating Plaintiff's employment because of his

19  age were taken willfully, fraudulently, maliciously and in conscious disregard of his

20  rights under the Government Code.   The actions were taken and/or ratified by

21  managing agents of EPRI.   Plaintiff is accordingly entitled to punitive damages

22  against EPRI in view of its financial condition.

23                              **THIRD CAUSE OF ACTION**
                          (Breach of Implied Contract)
24

25      22.    Plaintiff hereby realleges and incorporates by reference herein, as if fully

26  set forth, Paragraphs 1 through 21 of this Complaint.

27      23.    Plaintiff was a thirty two year employee of EPRI.  EPRI had a long term

28  policy of providing severance pay to employees whose positions were eliminated due

COMPLAINT                                                                    5

1  to restructuring or other economic circumstances.  Plaintiff's termination was a

2  pretext for inter alia just such a circumstance.

3      24.    Plaintiff's long term employment; the existence of such a policy and its

4  consistent application in similar situations created an implied contract between

5

6  plaintiff and EPRI that under the circumstance of his termination he would have

7  received such a benefit.

8      25.    Plaintiff was not paid severance pay upon his pretextual termination.

9

10     26.    EPRI's failure to pay severance pay constituted a breach of that implied

11 contract and plaintiff has been damaged thereby in an amount which will be proven

12 at time of trial.

13

14     Wherefore plaintiff prays judgment against defendant and each of them as

15 follows:

16              **AS TO ALL CAUSES OF ACTION:**

17     1.    For economic damages according to proof;

18

19     2.    For attorney's fees where authorized by statute or case law;

20     3.    For costs or suit herein;

21

22     4.    For such relief as the court may deem appropriate.

23              **AS TO THE FIRST CAUSE OF ACTION**

24     1.    For emotional distress damages of $250,000.00;

25     2.    For punitive damages according to proof;

26 ///

27 ///

28 ///

COMPLAINT

6

## AS TO THE SECOND CAUSE OF ACTION

1.   For emotional distress damages of $250,000.00;

2.   For punitive damages according to proof;

Dated: June 28, 2007

DENNIS L. KENNELLY
Attorney for Plaintiff GEORGE E. SLITER

COMPLAINT

7

**EXHIBIT A**

**★ ★ EMPLOYMENT ★ ★**

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200607-G-1257-00-arc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)   GEORGE SLITER

TELEPHONE NUMBER (Include Area)   650 364 3663

ADDRESS   832 OCCIDENTAL WAY

CITY/STATE/ZIP   EMERALD HILLS, CA 94062   COUNTY   SAN MATEO   COUNTY

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE
OR LOCAL GOVERNMENT AGENCY OR INDIVIDUAL WHO DISCRIMINATED AGAINST ME:

NAME   ELECTRIC POWER RESEARCH INSTITUTE   TELEPHONE NUMBER (Include Area)   650 855 2000

ADDRESS   3112 Hillview Avenue   DFEH USE ONLY

CITY/STATE/ZIP   Palo Alto, CA 94303   COUNTY   Santa Clara   COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)   800   DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   Dec 1, 2006   RESPONDENT CODE

PARTICULARS ARE:

DEC 1, 2006 , I was (date of harm)

- [X] fired
- [ ] laid off
- [ ] demoted
- [ ] harassed
- [ ] forced to quit

- [ ] denied employment
- [ ] denied promotion
- [ ] denied transfer
- [ ] denied accommodation
- [ ] other (specify)

- [ ] denied family leave
- [ ] denied pregnancy leave
- [ ] denied equal pay

CHUCK WELTY   DIRECTOR OF NUCLEAR POWER
Name of Person   Job Title (supervisor/manager/personnel director/etc.)

because of my:

- [ ] sex
- [X] age
- [ ] family
- [ ] religion

- [ ] race/color
- [ ] national origin/ancestry
- [ ] marital status
- [ ] association

- [ ] physical disability
- [ ] mental disability
- [ ] medical condition
- [ ] other (specify)

- (Circle one) filing; protesting; participating in investigation (retaliation f

The reason given by   CHUCK WELTY
Name of Person and Job Title

was because of   On Dec, 2006 I was   SEE ATTACHMENT "A"

~~RECEIVED~~

JUN – 7 ~~2007~~

DEPT. OF FAIR EMPLOYMENT AND
HOUSING ~~SAN JOSE~~

DENNIS L. KENNELLY
ATTORNEY AT LAW

LAW OFFICES OF
DENNIS L. KENNELLY
1030 CURTIS STREET, SUITE 200
MENLO PARK, CALIFORNIA 94025

TELEPHONE (650) 853-129

I wish to pursue this matter in court. I hereby request that the Department o
authorization to file a lawsuit.

I have not been coerced into making this request, nor do I make it based on fe
this the Department of Fair Employment and Housing's policy to not process or
based on the basis of "Complainant Elected Court Action".

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge except as to matters stated on my
information and belief, and as to those matters I believe it to be true.

Dated   May 30, 2007

Menlo Park
City

George Sliter
COMPLAINANT'S SIGNATURE

DATE FILED:   / JUN – 7 2007

DFEH-300-03 (New 02/93)

## ATTACHMENT A

I was a thirty two year employee of EPRI in Palo Alto, California. My employment was terminated purportedly for cause on December 1, 2006. I am 68 years old. My date of birth is June 25, 1938.

My termination was a pretext for age discrimination. I was replaced by a substantially younger individual, Charles Mengers as part of a reorganization. The "for cause" termination represented an attempt to avoid paying severance pay to me as required by the company policy that was in effect at the time. The reasons advanced for my termination are false and the result was that my termination was without cause.

# EXHIBIT B

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE     CY                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0344 TTY (800) 700-2320 Fax (408) 325-0339
www.dfeh.ca.gov



June 8, 2007


DENNIS L. KENNELLY
ATTORNEY AT LAW
LAW OFFICES OF DENNIS L. KENNELLY
1030 CURTIS STREET, STE. 200
MENLO PARK, CA 94025

RE:   E200607G1257-00-arc
      SLITER/ELECTRIC POWER RESEARCH INSTITUTE

Dear DENNIS L. KENNELLY:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
June 7, 2007 because an immediate right-to-sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator


cc:     Case File


CHUCK WELTY
DIRECTOR OF NUCLEAR POWER
ELECTRIC POWER RESEARCH INSTITUTE
3112 HILLVIEW AVENUE
PALO ALTO, CA  94303

DFEH-200-43 (06/06)

**EXHIBIT D**

1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
2  ERIC A. KAUFFMAN (224612)
   Five Palo Alto Square
3  3000 El Camino Real
   Palo Alto, CA  94306-2155
4  Telephone:    (650) 843-5000
   Facsimile:    (650) 849-7400
5
   Attorneys for Defendant
6  ELECTRIC POWER RESEARCH INSTITUTE

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10                     UNLIMITED JURISDICTION

11

12  GEORGE E. SLITER,                        No.  107CV089965

13              Plaintiff,                    **ANSWER OF DEFENDANT ELECTRIC**
                                             **POWER RESEARCH INSTITUTE TO**
14        v.                                  **PLAINTIFF'S UNVERIFIED COMPLAINT**

15  ELECTRIC POWER RESEARCH
    INSTITUTE, a California not-for-profit    **BY FAX**
16  Corporation, and DOES 1 through 8,
    inclusive,
17
                Defendant.
18

19        Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

20  Electric Power Research Institute ("EPRI") generally denies each and every allegation of Plaintiff

21  George E. Sliter ("Plaintiff")'s unverified complaint (the "Complaint"), and further denies that

22  Plaintiff has been damaged in any sum or sums whatsoever as a result of any alleged conduct of

23  EPRI.

24  ///

25  ///

26  ///

27  ///

28  ///
    758053 v1/PA                          -1-

    ELECTRIC POWER RESEARCH INSTITUTE'S ANSWER TO UNVERIFIED COMPLAINT – CASE NO. 107CV089965

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses, EPRI alleges as follows:

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Statute of Limitations)

2. Plaintiff is barred, in whole or in part, from any recovery on the Complaint by the governing statutes of limitation, including but not limited to, Cal. Code of Civ. Proc. §§ 335.1 and 340.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Exhaust Administrative Remedies)

3. Plaintiff's first cause of action is barred in whole or in part by his failure to exhaust his administrative remedies.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Mitigate)

4. Plaintiff is barred, in whole or in part, from any recovery on the Complaint by virtue of his failure to act reasonably or to use diligence to avoid and/or mitigate his alleged damages, if any there be.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (Waiver)

5. The Complaint, and each and every cause of action asserted therein, is barred by the doctrine of waiver.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Estoppel)

6. The Complaint, and each and every cause of action asserted therein, is barred by

1  the doctrine of estoppel.

2  **SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

3

4      **7.**    The Complaint, and each and every cause of action asserted therein, is barred by

5  the doctrine of unclean hands.

6  **EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(No Punitive Damages)**

7

8      **8.**    Plaintiff's demand for punitive damages violates EPRI's right to protection from

9  excessive fines as provided by the Eighth Amendment of the United States Constitution and

10  Article I, Section 17 of the Constitution of the State of California, and violates EPRI's rights to

11  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

12  Constitution and California Constitution.

13  **NINTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(No Punitive Damages)**

14

15      **9.**    The Complaint fails to state a claim for punitive damages against EPRI.

16  **TENTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(After-Acquired Evidence)**

17

18      **10.**    The Complaint, and each and every cause of action asserted therein is barred

19  (and/or the alleged damages for each such claim reduced or eliminated), by the doctrine of after-

20  acquired evidence.

21  **PRAYER**

22  **WHEREFORE**, Defendant prays for judgment as follows:

23      1.    That Plaintiff take nothing by reason of the Complaint;

24      2.    That judgment be entered on the Complaint in favor of Defendant and against

25  Plaintiff and that the Complaint be dismissed with prejudice;

26      3.    That Defendant be awarded attorneys' fees and costs of suit herein; and

27

28

1        4.      For such other and further relief as the Court deems just and proper.

2    Dated: August 16, 2007

3                                              COOLEY GODWARD KRONISH LLP
                                               GREGORY C. TENHOFF (154553)
4                                              ERIC A. KAUFFMAN (224612)

5

6                                              By: _____
                                                      Eric A. Kauffman (224612)
7

8                                              Attorneys for Defendant
                                               ELECTRIC POWER RESEARCH INSTITUTE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELECTRIC POWER RESEARCH INSTITUTE'S ANSWER TO UNVERIFIED COMPLAINT – CASE NO. 107CV089965



1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
2  ERIC A. KAUFFMAN (224612)
   Five Palo Alto Square
3  3000 El Camino Real
   Palo Alto, CA  94306-2155
4  Telephone:    (650) 843-5000
   Facsimile:    (650) 849-7400
5
   Attorneys for Defendant
6  ELECTRIC POWER RESEARCH INSTITUTE

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SANTA CLARA

10                    UNLIMITED JURISDICTION

11

12  GEORGE E. SLITER,                    No.  107CV089965

13              Plaintiff,               **PROOF OF SERVICE**

14      v.

15  ELECTRIC POWER RESEARCH
    INSTITUTE, a California not-for-profit
16  Corporation, and DOES 1 through 8,
    inclusive,
17
                Defendant.
18

19      I am a citizen of the United States and a resident of the State of California.  I am

20  employed in Santa Clara County, State of California, in the office of a member of the bar of this

21  Court, at whose direction the service was made.  I am over the age of eighteen years, and not a

22  party to the within action.  My business address is Cooley Godward Kronish LLP, Five Palo

23  Alto Square, 3000 El Camino Real, Palo Alto, California  94306-2155.  On the date set forth

24  below I served the documents described below in the manner described below:

25      **1.    Electric Power Research Institute's Answer to Unverified
              Complaint**

26

27

28

758261 v1/PA                              -1-

1

☒ (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

2

3

4

☐ (BY MESSENGER SERVICE – CCP § 1011) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

5

6

☐ (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

7

8

9

☐ (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

10

11

12

☐ (BY ELECTRONIC MAIL – CCP § 1010.6(a)(6)) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

13

14

15    on the following part(ies) in this action:

16    Dennis L. Kennelly, Esq.
      Law Office of Dennis L. Kennelly

17    1030 Curtis Street, Suite 200
      Menlo Park, CA 94025

18    Telephone: (650) 853-1291

19    Fax: (650) 854-7839
      Counsel for Plaintiff George E. Sliter

20

21    I declare under penalty of perjury under the laws of the State of California that the above

22    is true and correct.

23    Executed on August 16, 2007, at Palo Alto, California.

24

25    _____

26                    Johanna L. Harris

27

28

758261 v1/PA                              -2-

PROOF OF SERVICE – CASE NO. 107CV089965

**EXHIBIT E**

COPY

1  COOLEY GODWARD KRONISH LLP
   GREGORY C. TENHOFF (154553)
2  ERIC A. KAUFFMAN (224612)
   Five Palo Alto Square, 3000 El Camino Real
3  Palo Alto, CA 94306-2155
   Telephone:    (650) 843-5000
4  Facsimile:    (650) 857-0663

5  Attorneys for Defendant
   ELECTRIC POWER RESEARCH INSTITUTE
6
7  LAW OFFICES OF DENNIS L. KENNELLY
   DENNIS L. KENNELLY (64916)
8  1030 Curtis Street, Suite 200
   Menlo Park, CA 94025
9  Telephone:    (650) 853-1291
   Facsimile:    (650) 854-7839
10
11 Attorneys for Plaintiff
   GEORGE E. SLITER

ENDORSED

2007 SEP 10  A 9: 05

D. Wendel

12
13        SUPERIOR COURT OF THE STATE OF CALIFORNIA
14                COUNTY OF SANTA CLARA
15                UNLIMITED JURISDICTION

16 GEORGE E. SLITER,                          No. 107CV089965

17              Plaintiff,                     STIPULATION AND [PROPOSED]
                                               PROTECTIVE ORDER
18      v.
                                               Complaint Filed: July 17, 2007
19 ELECTRIC POWER RESEARCH
   INSTITUTE, a California not-for-profit      Trial Date: Not Yet Set
20 Corporation, and DOES 1 through 8,
   inclusive,                                  BY FAX
21
                Defendants.
22

23        WHEREAS, in the course of this litigation, disclosure may be made of information that a

24 party regards as being of a confidential, trade secret, proprietary, technical, commercial, or

25 financial nature (hereinafter collectively referred to as "Confidential Information"); and

26        WHEREAS, the parties desire to protect against the unauthorized use or disclosure of

27 Confidential Information;

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

667897 v1/HN                                  1.

1   IT IS HEREBY STIPULATED by and between the parties hereto, through their respective

2   counsel, that the following terms and conditions shall govern the disclosure of Confidential

3   Information in this action:

4          1.     All originals and copies of deposition transcripts and exhibits, responses to

5   interrogatories, responses to requests for admissions, responses to requests for the production of

6   documents, and any and all other documents, materials, tangible things or other information or

7   materials obtained in discovery herein that contain or refer to any Confidential Information, may

8   be designated by the party producing the Confidential Information as "CONFIDENTIAL." Any

9   party so designating Confidential Information shall have a reasonable and good faith belief that

10  the information is Confidential Information and is properly subject to the marked designation.

11         2.     Any information designated as "CONFIDENTIAL," and all information derived

12  therefrom, shall only be disclosed as provided in Paragraph 3 below, shall be used only for the

13  purposes of this specific action, and shall not be used for any other purpose whatsoever,

14  including, without limitation, any use, directly or indirectly, in connection with any other pending

15  or proposed litigation.

16         3.     Information designated as "CONFIDENTIAL" shall not be disclosed, given, shown,

17  made available or communicated in any way, either directly or indirectly, to any person or entity

18  with the exception of: (a) the parties; (b) the ATTORNEY OF RECORD for the parties (as defined in

19  Paragraph 4 below); (c) Court personnel, as provided herein; and (d) no more than five

20  specifically identified individuals or entities per side who are requested by an ATTORNEY OF

21  RECORD to furnish technical or expert services in connection with this action, or to give testimony

22  in this action. Before disclosure of any information designated as "CONFIDENTIAL" to the

23  individuals or entities identified in subsection (d) above, the ATTORNEY OF RECORD for the

24  disclosing party shall first disclose the identity of such person or entity to, and obtain the written

25  consent of, the ATTORNEY OF RECORD for the party who designated the information as

26  "CONFIDENTIAL." Such consent shall not be withheld unreasonably. Each such person or entity

27  to whom the information designated as "CONFIDENTIAL" is to be disclosed, given, shown, made

28  available or communicated to shall first execute and deliver to the ATTORNEY OF RECORD for the

1   designating party a Confidentiality Agreement in the form attached hereto as Exhibit A (the

2   "Confidentiality Agreement").  Only after the foregoing conditions have been fully satisfied may

3   the information designated as "CONFIDENTIAL" be disclosed, given, shown, made available or

4   communicated to any person without further order of the Court in this action.

5       4.   As used herein, ATTORNEY OF RECORD for Plaintiff George Sliter shall mean

6   Dennis L. Kennelly, and the paralegals, secretaries and support staff employed at the Law Offices

7   of Dennis Kennelly, to the extent such employees have a need to know the information

8   designated as "CONFIDENTIAL."  ATTORNEY OF RECORD for Electric Power Research Institute

9   shall mean the law firm of Cooley Godward Kronish LLP, and the paralegals, secretaries, and

10  support staff employed there, to the extent such employees have a need to know the information

11  designated as "CONFIDENTIAL."

12      5.   A written file shall be maintained by the ATTORNEYS OF RECORD of all

13  Confidentiality Agreements signed by persons to whom information designated as

14  "CONFIDENTIAL" has been disclosed, given, shown, made available or communicated.  Said file

15  shall be made available for inspection and copying immediately upon request for such inspection

16  and copying by any ATTORNEY OF RECORD.

17      6.   Information shall be designated as "CONFIDENTIAL" by the placement of a stamp

18  or marking in those words on each page of the document containing the information being so

19  designated, or by similar means on non-documentary materials.

20      7.   Any party may designate excerpts of a deposition transcript as "CONFIDENTIAL"

21  within twenty (20) business days after receiving such transcript upon written notice to all other

22  ATTORNEYS OF RECORD.

23      8.   Interrogatory answers, answers to requests for admissions, responses to requests

24  for the production of documents, and all other discovery information designated as

25  "CONFIDENTIAL" shall be delivered to the ATTORNEY OF RECORD propounding the discovery

26  requests without being filed with the Court.  When documents so designated and/or other matters

27  of the same or similar nature are the subject of inquiry at a deposition, the portion of the transcript

28  that sets forth or contains such information, together with such documents, shall be sealed and

1    shall not be filed with the Court, unless required in any further proceedings herein.

2          9.    If a party submits to the Court, in connection with a discovery motion or any other

3    discovery proceeding, any information that any party has designated as "CONFIDENTIAL," all such

4    information shall be filed with the Court in sealed envelopes or other appropriately sealed

5    containers.  On the outside of the envelopes, a copy of the first page of the document shall be

6    attached.  If any information designated as "CONFIDENTIAL" is included on the first page of the

7    document, it maybe deleted from the outside copy.  "CONFIDENTIAL" shall be stamped on the

8    outside of the envelope and a statement substantially in the following form shall also be printed

9    on the envelope:  "This envelope is sealed pursuant to Order of the Court, contains confidential

10    information and is not to be opened or the contents revealed, except by Order of the Court or a

11    written agreement by the parties."

12         10.    All other papers filed herein by any ATTORNEY OF RECORD with the Court shall

13    not disclose any information designated as "CONFIDENTIAL" unless such papers are filed under

14    seal pursuant to the provisions of this paragraph and paragraph 11 below.  A party who intends to

15    file with the Court any information that it has designated as "CONFIDENTIAL" (other than

16    information submitted in connection with a discovery motion or other discovery proceeding), and

17    seeks to have the record containing such information sealed, shall submit to the Court a motion to

18    seal pursuant to California Rule of Court 2.551(b).

19         11.    A party who files documents with the Court that contain information designated as

20    "CONFIDENTIAL" by any other party (other than information submitted in connection with a

21    discovery motion or other discovery proceeding) shall comply with either of the following

22    requirements:

23           (a)    At least ten (10) business days prior to the filing or use of the information

24    designated as "CONFIDENTIAL," the submitting party shall give notice to all other parties of the

25    submitting party's intention to file or use the information, including specific identification of the

26    information.  Any affected party may then file a motion to seal, pursuant to California Rule of

27    Court 2.551(b); or

28           (b)    At the time of filing or desiring to use the information designated as

1   "CONFIDENTIAL," the submitting party shall submit the materials pursuant to the lodging-under-

2   seal provisions of California Rule of Court 2.551(d).  Any affected party may then file a motion

3   to seal pursuant to California Rule of Court 2.551(b), within ten (10) business days after such

4   lodging.  Documents lodged pursuant to California Rule of Court 2.551(d) shall bear a legend

5   stating that such materials shall be unsealed upon the expiration of ten (10) business days, absent

6   the filing of a motion to seal pursuant to Rule 2.551(b) or a Court order.

7       12.    In connection with a request to have materials sealed pursuant to Section 10 or

8   Section 11, the moving party's declaration pursuant to California Rule of Court 2.551(b)(1) shall

9   contain sufficient particularity with respect to the particular "CONFIDENTIAL" information and the

10  basis for sealing to enable the Court to make the findings required by California Rule of Court

11  2.551 without being required to review each item of "CONFIDENTIAL" information.

12      13.    Any court reporter who transcribes testimony containing "CONFIDENTIAL"

13  information (whether at a deposition or otherwise) shall agree, before transcribing any such

14  testimony, that (a) all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be

15  disclosed except to the ATTORNEYS OF RECORD and any other person who is present while such

16  testimony is being given; and (b) copies of any transcript, reporter's notes, or any other

17  transcription records of any such testimony shall be retained in absolute confidentiality and

18  safekeeping by such reporter.

19      14.    Any Information designated as "CONFIDENTIAL" may be used by any party at any

20  trial of this action subject to the rules of evidence, the requirements of this Order, or such other

21  Order as the Court may enter.

22      15.    The designation by counsel for the disclosing party of any document, material or

23  information as constituting or containing "CONFIDENTIAL" information is intended solely to

24  facilitate the preparation and trial of this case, and such designation shall not be construed in any

25  way as an admission or agreement by any party that the designated disclosure constitutes or

26  contains any trade secret or "CONFIDENTIAL" information.

27      16.    Upon the final disposition of this action, each ATTORNEY OF RECORD shall,

28  immediately upon request, promptly return to the party from whom obtained, all items marked

1  "CONFIDENTIAL," all copies made thereof, and any and all non-privileged writings related thereto,

2  including, but not limited to, notes, analyses, memoranda or reports.

3      17.    If, subsequent to a party's acceptance of information designated as

4  "CONFIDENTIAL," it shall appear to such accepting party that any such information is not of a

5  nature warranting the protection afforded hereunder, such accepting party, after meeting and

6  conferring with the designating party, may bring on for determination a noticed motion to be

7  relieved entirely or in part from the provisions of this Order.  In any such motion, the designating

8  party shall have the burden of establishing that the designation at issue is appropriate.

9      18.    In the event that a producing party inadvertently fails to designate any information

10  as "CONFIDENTIAL" pursuant to paragraph 1 above, it may later make such designation by written

11  notice to the receiving party within five (5) business days after the producing party's discovery of

12  its failure to so designate.  The receiving party shall take all necessary steps to ensure that the

13  "CONFIDENTIAL" information is thereafter treated in accordance with the designation, and any

14  such late designation shall not be deemed a waiver of the confidential status of the information at

15  issue.  No person or party shall incur any liability hereunder with respect to any disclosure of

16  "CONFIDENTIAL" information that occurred prior to such person or party's receipt of written

17  notice of a belated designation.

18      19.    This Stipulation and Protective Order shall be effective from the date executed by

19  the undersigned counsel.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

SEP 07 2007 10:03                                         650 565 1218                    P.8

1   Dated: 9|7              ,2007            COOLEY GODWARD KRONISH LLP

2                                           By: _____

3                                                 Eric A. Kauffman

4                                           Attorneys for Defendants
                                            ELECTRIC POWER RESEARCH INSTITUTE
5   Dated: Sept 7, 0        ,2007

6                                           LAW OFFICES OF DENNIS L. KENNELLY

7
                                            By: _____
8                                                 Dennis L. Kennelly

9                                           Attorneys for Plaintiff GEORGE SLITER

10  IT IS SO ORDERED.

11  Dated: SEP 1 0 2007     , 2007

12                                          Hon.  Kevin J. Murphy
                                            Superior Court of the State of California
13                                          City and County of Santa Clara

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP        667897 v1/HN
ATTORNEYS AT LAW
PALO ALTO                                          7.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

**EXHIBIT A**

**Confidentiality Agreement**

I, _____, declare under penalty of perjury under the laws of the State of California that:

    1.    My address is _____

_____

    2.    My present employer is _____

_____

_____

    3.    My present occupation or job description is _____

_____

_____

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of *George Sliter v. Electric Power Research Institute,* Santa Clara Superior Court, Case No. 107CV089965 ("Protective Order"); that I will not use or disclose any information or materials designated as "CONFIDENTIAL" pursuant to the Protective Order except as explicitly allowed by the Protective Order; and that I agree to be bound by the terms and conditions of the Protective Order.

I understand that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Protective Order.

///

///

///

///

///

1    I acknowledge that such return or the subsequent destruction of such materials shall not

2    relieve me from any of the continuing obligations imposed upon me by the Protective Order.

3    Signed by: _____

4    Type or Print Name: _____

5    Dated: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1　COOLEY GODWARD KRONISH LLP
　　GREGORY C. TENHOFF (154553)
2　ERIC A. KAUFFMAN (224612)
　　Five Palo Alto Square
3　3000 El Camino Real
　　Palo Alto, CA 94306-2155
4　Telephone:　(650) 843-5000
　　Facsimile:　(650) 849-7400
5

6　Attorneys for Defendant
　　ELECTRIC POWER RESEARCH INSTITUTE

7

**(ENDORSED)**
**FILED**
SEP 1 0 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _Lisa Wilson_ DEPUTY

8　　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

9　　　　　　　　　　COUNTY OF SANTA CLARA

10　　　　　　　　　　UNLIMITED JURISDICTION

11

12　GEORGE E. SLITER,

13　　　　　　Plaintiff,

14　　　v.

15　ELECTRIC POWER RESEARCH
　　INSTITUTE, a California not-for-profit
16　Corporation, and DOES 1 through 8,
　　inclusive,
17

18　　　　　　Defendant.

No. 107CV089965

**PROOF OF SERVICE**

**BY FAX**

19　　　　I am a citizen of the United States and a resident of the State of California.  I am

20　employed in Santa Clara County, State of California, in the office of a member of the bar of this

21　Court, at whose direction the service was made.  I am over the age of eighteen years, and not a

22　party to the within action.  My business address is Cooley Godward Kronish LLP, Five Palo

23　Alto Square, 3000 El Camino Real, Palo Alto, California  94306-2155.  On the date set forth

24　below I served the documents described below in the manner described below:

25　　　　1.　　Stipulation and [Proposed] Protective Order

26

27

28

759370 v1/PA

-1-

☒ (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

☐ (BY MESSENGER SERVICE – CCP § 1011) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☐ (BY ELECTRONIC MAIL – CCP § 1010.6(a)(6)) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the following part(ies) in this action:

Dennis L. Kennelly, Esq.
Law Office of Dennis L. Kennelly
1030 Curtis Street, Suite 200
Menlo Park, CA 94025
Telephone: (650) 853-1291
Fax: (650) 854-7839
Counsel for Plaintiff George E. Sliter

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on September 7, 2007, at Palo Alto, California.

_____
Johanna L. Harris

# EXHIBIT F

# SUMMARY PLAN DESCRIPTION AND PLAN
## FOR THE
## EPRI SEVERANCE COMPENSATION PLAN

## SUMMARY PLAN DESCRIPTION AND PLAN
### FOR THE
## EPRI SEVERANCE COMPENSATION PLAN

### INTRODUCTION

The EPRI Severance Compensation Plan (the "Plan") is a welfare benefit plan that is designed to provide severance pay to eligible employees of the Electric Power Research Institute ("EPRI" or the "Company"), or of its Affiliated Entities who have adopted the Plan, upon their termination of employment. The Plan replaces and supersedes any prior ERISA severance pay plan. If you are eligible under the Plan you may receive two weeks of pay upon your involuntary termination of employment. You also may receive an additional four weeks of severance pay plus one week of severance pay for each Year of Service if you continue employment for a limited period if required by the Company, and sign a the Company's General Release and Waiver and Employee Discovery and Confidentiality Statement.

This summary includes provisions of the Plan, but it also is designed to comply with ERISA Summary Plan Description requirements. This document will be revised from time to time, so make sure that you have the most recent version.

The Plan does not give you any right with respect to continuation of your employment by the Company, and it shall not interfere in any way with your right, or the Company's right to terminate your employment at any time for any reason, with our without notice.

The laws relating to welfare benefit plans change frequently. In any situation in which a Plan provision is inconsistent with any law, regulation or ruling, the Plan will be administered in accordance with the applicable law, regulation or ruling, regardless of the terms of the Plan.

### GENERAL INFORMATION

| | |
|---|---|
| **Company Name, Address and Phone Number:** | Electric Power Research Institute<br>3420 Hillview Avenue<br>Palo Alto, CA 94304<br>(650) 855-2000 |
| **Company Employer Identification Number:** | 23-7175375 |
| **Plan Name:** | EPRI Severance Compensation Plan |
| **Plan Number:** | 501 |
| **Plan and Fiscal Year:** | January 1 to December 31 |
| **Effective Date:** | January 1, 2006. |
| **Funding Medium and Type of Plan** | Benefits from this Plan are paid from the general assets of EPRI. No employee |

**Administration:**                     contributions or premiums are required or
                                        permitted.

**Plan Administrator:**                 Electric Power Research Institute
                                        3420 Hillview Avenue
                                        Palo Alto, CA 94303
                                        650) 855-2000

**Agent for Service of Legal Process:** Electric Power Research Institute
                                        3420 Hillview Avenue
                                        Palo Alto, CA 94303
                                        650) 855-2000

1.    WHO IS ELIGIBLE TO RECEIVE BENEFITS UNDER THE PLAN?

All regular and fixed term non-executive employees are eligible to be Participants in the Plan. No person in a relationship with the Employer other than as a regular or fixed term employee shall be eligible for benefits under this Plan. As an example, but not by way of limitation, consultants, contractors and temporary employees are not eligible for benefits under this Plan.

Eligible employees, as defined in the preceding paragraph, who are employed by the following entities shall be eligible for benefits under this Plan: the Electric Power Research Institute, Inc. ("EPRI") and any corporation or other entity that, with the approval of EPRI and subject to such conditions as EPRI may impose, adopts this Plan by resolution of the entity's Board of Directors, and any successor or successors of them.

As of December 16, 2002, the following entities have adopted this Plan for the benefit of their employees: **Electric Power Research Institute and EPRI International, Inc**

EPRIsolutions, Inc. is not a participating Employer for purposes of this Plan.

Participants whose employment is terminated will receive severance pay as outlined below, provided the termination of employment is a Qualifying Termination and the employee has completed any required Extended Employment Period.

For purposes of this Plan, the following definitions will apply:

"**Adjusted Service Date**" means if you are hired by EPRI following a break in service with EPRI or one of its subsidiaries, credit for time worked prior to the break in service will result in an adjusted hired date.

"**Employer**" means the Company or the participating Affiliated Entity that employs the Participant as of the Termination Date.

"**Salary**" means the Participant's base salary or full time wage rate, determined before any withholding or deductions, in effect for the year in which the Termination Date occurs. "Salary" does not take into account any bonuses or overtime paid or payable to the

Participant. A Participant's Salary shall be divided by fifty-two (52) in order to obtain a weekly dollar amount for calculating severance pay.

"**Severance Period**" means the number of weeks of severance pay, beginning with the week following the week in which the Termination Date occurs, received by the Participant under this Plan. For example, a Participant who receives four (4) weeks of base severance pay plus four (4) weeks of severance pay for Years of Service has a Severance Period of eight (8) weeks.

"**Termination Date**" means the day identified by the Employer and communicated to the Participant as the last day of employment of the Participant by the Employer.

"**Year of Service**" means each twelve (12) month period of employment with the Employer calculated from the Participant's most recent date of hire with the Employer. A Fractional Year of Service of less than six (6) months will not be counted as a Year of Service. A Fractional Year of Service of six (6) months or more shall be rounded up to a full Year of Service. Any month or week for which the Participant receives severance pay is not counted in determining Years of Service.

2.    WHAT IS A QUALIFYING TERMINATION?

A **Qualifying Termination** is an involuntary termination of employment with the Company *other than* a change in employment status due to (i) disability, (ii) death, (iii) retirement, (iv) Voluntary Termination, (v) Termination for Cause (vi) transfer of the Participant's position to and/or offering the Participant a different position with an Affiliated Entity (provided the Participant receives an offer of employment at a salary or wage (excluding benefits) comparable to that which the Participant had with the Company) (vii) outsourcing the Participant's position to a third party and/or offering the Participant a different position with the third party (provided the Participant receives an offer of employment at a salary or wage (excluding benefits) comparable to that which the Participant had with the Company), (viii) offering the Participant a different position within the Company at a comparable salary or wage (excluding benefits), or (ix) expiration of a fixed term of employment. In order for a fixed term employee to be eligible for severance benefits, the Qualifying Termination must occur more than sixty days prior to the expiration of the fixed term of employment. If the Qualifying Termination occurs within sixty days of the expiration of the fixed term of employment, a fixed term employee is entitled only to his or her salary for the remainder of the fixed term.

3.    WHAT IS AN EXTENDED EMPLOYMENT PERIOD?

If, at the time a Qualifying Termination occurs, the Company elects to extend the employee's employment on the same terms and conditions for a period of up to six (6) months, the Company, in its sole discretion, may elect not to make any severance payment to the affected employee unless the employee continues employment through all or part (as determined by the Company) of the extended period ("Extended Employment Period"). The Company will consider various factors in deciding whether to extend employment beyond the date of termination,

including but not limited to the Company's immediate needs, the employee's qualifications and the employee's alternative job opportunities.

4.    **WHAT IS AN AFFILIATED ENTITY?**

An Affiliated Entity is an entity that is owned, directly or indirectly, in whole or in part by the Company or the parent or other affiliate of the Company.

5.    **WHAT IS VOLUNTARY TERMINATION?**

A Voluntary Termination includes but is not limited to resignation, refusal to relocate to a new job location at the request of the Company, or failure to return from a scheduled leave of absence on the scheduled date (in the absence of any extension that may be granted in accordance with Company policy).

6.    **WHAT IS TERMINATION FOR CAUSE?**

**Termination for Cause** is the Employer's termination of a Participant's employment with the Employer because of:

(a)    the continued failure by the Participant to devote reasonable time and effort to the performance of his or her duties (other than any such failure resulting from the Participant's incapacity due to physical or mental illness);

(b)    acts or omissions by the Participant which, in the Company's sole discretion, are injurious to the Company, monetarily or otherwise;

(c)    bad judgment or negligence of duty on the part of the Participant;

(d)    failure of the Participant to perform his or her duties and responsibilities in a satisfactory manner as determined in the sole and absolute discretion of the Company;

(e)    violation of confidentiality agreements entered into with the Company;

(f)    sale or distribution of illegal drugs or other illegal activities on the Company's premises;

(g)    threatening, intimidating, coercing or harassing fellow employees; or

(h)    conduct which the Company determines in its sole and absolute discretion to be disruptive, or potentially harmful to other employees and is not in the best interests of the Company; or

(i)    violation of Company policy.

7.    **WHAT ARE THE SEVERANCE BENEFITS UNDER THE PLAN?**

Subject to section 3, upon a Qualifying Termination, the Company will pay to a Participant an amount equal to:

(a)    *Two weeks of notice pay.* The Company may, at its election, provide the two weeks notice pay either in the form of two weeks' notice of termination of employment, or by providing two weeks' pay in lieu of notice. Medical, dental, vision and Employee Assistance Program benefits (collectively, "health benefits") continue through the end of the month in which the first week of severance pay falls. Health benefits, as applicable, will continue for one additional month, as described in subsection (b) below. The Participant also will be eligible for outplacement services to be designated by the Company.

*Additional pay.* A Participant is entitled to an additional four weeks of severance pay plus one week of severance pay for each Year of Service, and an additional month of paid health benefits, if the Participant signs a general release and waiver on the form provided by the Company, as well as an Employee Discovery and Confidentiality Statement. The maximum severance is 26 weeks.

*Health Benefits.* The Company provides continuation of coverage under the Company medical, dental and vision benefits at the regular employee contribution rate through the end of the month in which the Termination Date falls. In the month following the month in which the Termination Date falls, if the Participant elects COBRA benefits, the Participant will pay the regular employee contribution rate and the Company will pay the remaining COBRA expense for that month. In the second month following the Termination Date, if the Participant signs the General Release and Waiver, the Participant will pay only the regular employee contribution rate for that month. After the second month following the Termination Date, the Company will not pay or reimburse any health benefits. Participant will be solely responsible for all COBRA or other health benefit expenses. The maximum continuation of health benefits under this Plan is two (2) months following the month in which the first week of severance pay falls.

For purposes of this Plan, continuation of health benefits for months following the month in which the first week of severance pay falls means that a Participant who elects COBRA continuation of health benefits may pay for such benefits at regular group rates during the continuation period specified under this Plan. Following the end of the continuation period specified in this Plan, the Participant must pay the full COBRA premiums for the remainder of the COBRA continuation period at the regular COBRA rate, including the applicable administrative charge add-on for COBRA continuation premiums.

Amounts payable to any Participant under this Plan will generally be reduced by any amounts the Participant owes the Employer (including travel advances, the value of unreturned or damaged Employer equipment, such as computers or laptops, software, etc.), other than accrued and earned, but unpaid, vacation benefits and/ or salary. In addition, any taxes required to be withheld under applicable federal, state or local tax laws will be withheld from amounts distributed under this plan.

**Certain Reductions.** The Company, in its sole discretion, shall have the authority to reduce or eliminate a Participant's severance benefits, in whole or in part, under Section 3 or by any other severance benefits, pay in lieu of notice, or other similar benefits payable to the Participant by the Employer that become payable in connection with the Participant's termination of employment pursuant to (i) any applicable legal requirement, including, without limitation, the Worker Adjustment and Retraining Notification Act (the

"WARN Act"), (ii) a written employment or severance agreement with the Employer, or (iii) any Employer policy or practice providing for the Participant to remain on the payroll for a limited period of time after being given notice of the termination of the Participant's employment. The benefits provided under this Plan are intended to satisfy, in whole or in part, any and all statutory obligations that may arise out of a Participant's termination of employment, and the Company shall so construe and implement the terms of the Plan. The Company's decision to apply such reductions to the severance benefits of one Participant, and the amount of such reductions, shall in no way obligate the Company to apply the same reductions in the same amounts to the severance benefits of any other Participant, even if similarly situated. In the Company's sole discretion, such reductions may be applied on a retroactive basis, with severance benefits previously paid being recharacterized as payments pursuant to the Employer's statutory obligation.

In the event of a Participant's reemployment by the Company or an Affiliated Entity (regardless of whether the Affiliated Entity is a participating Affiliated Entity) during the Severance Period, such Participant will be required to repay to the Company a prorated portion of the severance pay received under this Plan, in accordance with a formula to be determined by the Company.

The Plan does not give any rights with respect to continuation of employment by the Company. Employment remains "at-will," in which either the employee or the Company may terminate the employment relationship at any time, with our without cause or notice, for any reason or for no reason.

**8.    HOW WILL BENEFITS BE PAID?**

Eligible employees will receive severance pay in the form of a lump sum following the Extended Employment Period, if any, and the execution of a general release and waiver. Pay in lieu of notice, if any, will be paid in the form of salary continuation.

**9.    CAN THE PLAN BE AMENDED OR TERMINATED?**

The Plan may be amended or terminated by the Company, in the Company's sole discretion, at any time without notice to any person. No such amendment or termination will affect the right to any unpaid benefit of any eligible employee whose Termination Date occurred prior to amendment or termination of the Plan.

**10.    HOW IS THE PLAN ADMINISTERED?**

The Company, as the Plan Administrator, has exclusive discretion and authority to establish rules, forms and procedures for the administration of the Plan, and to construe and interpret the Plan and to resolve any ambiguities, decide any and all questions of fact, interpretation, definition, computation or administration arising in connection with the operation of the Plan and the amount of benefits paid under the Plan. For example, the Company, in its sole and absolute discretion, may decide how a Participant's compensation will be determined, whether a termination is a Qualifying Termination, and what constitutes a comparable wage or salary. The rules, interpretations, computations and other actions of the Plan Administrator shall be binding and conclusive on all Participants, their beneficiaries, assigns and successors.

11.    **BENEFITS NOT INSURED.**

The benefits under the Plan are unfunded and unsecured and are payable out of the general funds of the Company. Consequently, benefits are not insured by the Pension Benefit Guaranty Corporation or any other governmental or private authority or institution.

12.    **WHAT LEGAL RIGHTS DO PARTICIPANTS HAVE REGARDING THE PLAN?**

**CLAIMS PROCEDURE**

**Applications for Benefits and Inquiries.**  Any application for benefits, inquiries about the Plan or inquiries about present or future rights under the Plan must be submitted to the Plan Administrator in writing by an applicant (or his or her authorized representative).  The Plan Administrator is responsible for evaluating all benefit claims under the Plan.  Accordingly, to obtain benefits, you must complete, sign and submit to the Plan Administrator a written claim for benefits.  The Plan Administrator is:

Electric Power Research Institute
3420 Hillview Avenue
Palo Alto, CA 94303

**Denial of Claims.**  In the event that any application for benefits is denied in whole or in part, the Plan Administrator must provide the applicant with written or electronic notice of the denial of the application, and of the applicant's right to review the denial.  Any electronic notice will comply with the regulations of the U.S. Department of Labor.  The written notice of denial will be set forth in a manner designed to be understood by the employee and will include the following:

(a)    the specific reason or reasons for the denial;

(b)    references to the specific Plan provisions upon which the denial is based;

(c)    a description of any additional information or material that the Plan Administrator needs to complete the review and an explanation of why such information or material is necessary; and

(d)    an explanation of the Plan's review procedures and the time limits applicable to such procedures, including a statement of the applicant's right to bring a civil action under section 502(a) of ERISA following a denial on review of the claim, as described in **Request for a Review** section below.

This written notice will be given to the applicant within ninety (90) days after the Plan Administrator receives the application, unless special circumstances require an extension of time, in which case, the Plan Administrator has up to an additional ninety (90) days for processing the application.  If an extension of time for processing is required, written notice of the extension will be furnished to the applicant before the end of the initial ninety (90) day period.

This notice of extension will describe the special circumstances necessitating the additional time and the date by which the Plan Administrator is to render its decision on the application.

**Request for a Review.** Any person (or that person's authorized representative) for whom an application for benefits is denied, in whole or in part, may appeal the denial by submitting a request for a review to the Plan Administrator within sixty (60) days after the application is denied. A request for a review shall be in writing and shall be addressed to:

Electric Power Research Institute
3420 Hillview Avenue
Palo Alto, CA 94303

A request for review must set forth all of the grounds on which it is based, all facts in support of the request and any other matters that the applicant feels are pertinent. The applicant (or his or her representative) shall have the opportunity to submit (or the Plan Administrator may require the applicant to submit) written comments, documents, records, and other information relating to his or her claim. The applicant (or his or her representative) shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to his or her claim. The review shall take into account all comments, documents, records and other information submitted by the applicant (or his or her representative) relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

**Decision on Review.** The Plan Administrator will act on each request for review within sixty (60) days after receipt of the request, unless special circumstances require an extension of time (not to exceed an additional sixty (60) days), for processing the request for a review. If an extension for review is required, written notice of the extension will be furnished to the applicant within the initial sixty (60) day period. This notice of extension will describe the special circumstances necessitating the additional time and the date by which the Plan Administrator is to render its decision on the review. The Plan Administrator will give prompt, written or electronic notice of its decision to the applicant. Any electronic notice will comply with the regulations of the U.S. Department of Labor. In the event that the Plan Administrator confirms the denial of the application for benefits in whole or in part, the notice will set forth, in a manner calculated to be understood by the applicant, the following:

(a)    the specific reason or reasons for the denial;

(b)    references to the specific Plan provisions upon which the denial is based;

(c)    a statement that the applicant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to his or her claim; and

(d)    a statement of the applicant's right to bring a civil action under section 502(a) of ERISA. Rules and Procedures. The Plan Administrator will establish rules and procedures, consistent with the Plan and with ERISA, as necessary and appropriate in carrying out its responsibilities in reviewing benefit claims. The Plan Administrator may require an applicant

who wishes to submit additional information in connection with an appeal from the denial of benefits to do so at the applicant's own expense.

**Exhaustion of Remedies.** No legal action for benefits under the Plan may be brought until the claimant (i) has submitted a written application for benefits in accordance with the procedures described by Applications for Benefits and Inquiries section above, (ii) has been notified by the Plan Administrator that the application is denied, (iii) has filed a written request for a review of the application in accordance with the appeal procedure described in Request for a Review section above, and (iv) has been notified in writing that the Plan Administrator has denied the appeal. Notwithstanding the foregoing, if the Plan Administrator does not respond within the time limits specified in this Section, Claim Procedure, the claimant has the right to bring a civil action under Section 502(a) of ERISA.

### STATEMENT OF ERISA RIGHTS

**Your Rights.** As a participant in the Plan you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA provides that all participants shall be entitled to:

(a) Examine, without charge, at the Plan Administrator's office and at other specified locations, such as worksites and union halls, all Plan documents governing the Plan filed with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

(b) Obtain copies of the Plan documents and other Plan information upon written request to the Plan Administrator. The Plan Administrator may make a reasonable charge for the copies.

(c) Receive a summary of the Plan's annual financial report, if any. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

**Prudent Actions By Plan Fiduciaries.** In addition to creating rights for participants, ERISA imposes duties upon the people who are responsible for the operation of the Plan. The people who operate your Plan, called "fiduciaries" of the Plan, have a duty to operate the Plan prudently and in the interest of you and the other Plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

**Enforce Your Rights.** If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain written copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

**Filing Suit.** Under ERISA, there are steps you can take to enforce these rights. For instance, if you request materials from the Plan Administrator and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the Plan

Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan Administrator. If you have a claim for benefits that is denied or ignored, in whole or in part, you may file suit in a state or Federal court. If it should happen that Plan fiduciaries misuse the Plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U. S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Questions.**    If you have questions about your Plan, you should contact the Plan Administrator.  If you have any questions about this statement of your rights under ERISA, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.

Nancy Mason
Senior Vice President, Human Resources

# TABLE OF CONTENTS

PAGE

Introduction ................................................................................................................ 1

General Information ..................................................................................................... 1

1.  Who Is Eligible To Receive Benefits Under The Plan? ....................................... 2

2.  What Is A Qualifying Termination? ..................................................................... 3

3.  What Is An Affiliated Entity? .............................................................................. 3

4.  What Is Voluntary Termination? ......................................................................... 3

5.  What Is Termination For Cause? ......................................................................... 4

6.  What Are The Severance Benefits Under The Plan? ............................................ 4

7.  How Will Benefits Be Paid? ................................................................................ 6

8.  Can The Plan Be Amended Or Terminated? ........................................................ 6

9.  How Is The Plan Administered? .......................................................................... 6

10. Benefits Not Insured. .......................................................................................... 6

11. What Legal Rights Do Participants Have Regarding The Plan? ........................... 6
    Claims Procedure ................................................................................................ 6
    Statement of ERISA Rights ................................................................................. 8

**EXHIBIT G**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

GEORGE E. SLITER,                    )
                                     )
            Plaintiff,               )
                                     ) Case No.
       vs.                           )
                                     ) 07CV089965
ELECTRIC POWER RESEARCH INSTITUTE, A )
California non-for-profit Corporation,)
DOES 1 through 8, inclusive,         )
                                     )
            Defendants.              )
                                     )

DEPOSITION OF GEORGE SLITER
September 14, 2007
Palo Alto, California

**CERTIFIED COPY**

Reported by:
EMI ALBRIGHT
RPR, CSR No. 13042
Job No. 76172

Phone (415) 288-4280          Esquire Deposition Services          Fax (415) 288-4266
505 Sansome Street, Suite 502   San Francisco, California 94111      (800) 770-3362

George Sliter                                    September 14, 2007

1   decided along with management that instead of having a nine

2   month policy, that is, nine months being for people whose age

3   plus years in service was greater than I think it was 70

4   years, they would receive the maximum severance.  That

5   severance for a long period at EPRI was nine months.

6          And I heard from people and I don't recall seeing

7   it in writing that that policy at some point was changed, I

8   think, at the time that Steve Specker became the CEO of EPRI,

9   that instead of nine months it was reduced to six months.

10  And so it was general common knowledge that when people with

11  my age and service got laid off, they would receive six

12  months' salary severance pay.

13      Q    Sitting here today can you identify any document

14  that you have ever seen that you believe promised you?

15      A    No, I cannot identify such a document.

16      Q    Can you identify any document that you believe

17  promised you severance benefits?

18      A    No.

19      Q    Sitting here today can you tell me of any verbal

20  statement made to you by anyone at EPRI management that you

21  believe promised you severance benefits?

22      A    No, because of the word, promise.

23          MR. TENHOFF:   Let's mark that 19, please.

24          (Exhibit No. 19 marked

25          for identification.)

236

George Sliter                                    September 14, 2007

1

2  BY MR. TENHOFF:

3      Q    The reporter has placed before you what I marked

4  as Exhibit No. 19 to this deposition.  Can you take a moment

5  and tell me whether you recognize this document at all?

6              MR. KENNELLY:   Don't read it out loud.

7              THE WITNESS:   I'm sorry.

8              MR. KENNELLY:   We will be here all afternoon.

9      A    I have never seen this document.

10 BY MR. TENHOFF:

11     Q    Were you ever informed of the existence of this

12 particular document?

13     A    No.

14     Q    When you said that you believe that in certain

15 circumstances an employee with your age and years of service

16 would receive six months of severance, where did the six

17 months come from?

18     A    From words I heard from more than one person at

19 EPRI including professional people.  At one point there it

20 was a change made -- that's why I know that I heard it in

21 that it was fairly well accepted because for years the common

22 knowledge -- let me put it that way -- was nine months.  And

23 then suddenly the common knowledge that I heard from more

24 than one person was six months.

25             MR. KENNELLY:   I think what he is asking you,

237

George Sliter                                    September 14, 2007

1    are you asking him if there is some kind of a formula?

2            MR. TENHOFF:    No.   I think he answered the

3    question.

4        A    Is there a document?   I had never seen a

5    document.

6    BY MR. TENHOFF:

7        Q    All right.   In this lawsuit, Mr. Sliter, are you

8    seeking benefits, severance benefits under Exhibit 19, this

9    plan?

10       A    I can't tell because I had not seen this document

11   before.

12           MR. KENNELLY:    What I can tell you is the

13   lawsuit will be amended to reflect the breach of the

14   severance plan if I make a decision that I don't want to be

15   in federal court.

16           MR. TENHOFF:    Let me ask you that question

17   again, and I will direct this question to you, Dennis.   Is

18   Mr. Sliter making a claim for severance benefits under this

19   Exhibit 19, the EPRI severance benefit plan?

20           MR. KENNELLY:    And what I will tell you is after

21   I carefully review the plan, I will get back to you on that.

22   But my bet would be that he would be.   My bet would be.   And,

23   you know, I understand what the immediate consequences of --

24           MR. TENHOFF:    There are immediate and far

25   reaching consequences.

                                                            238

1          MR. KENNELLY:    I am aware of that.

2     BY MR. TENHOFF:

3          Q    Let me ask you this since that may be the

4     possible claim, Mr. Sliter.  Can you take a look at page 7 of

5     this document, Exhibit 19, please?  And there's a section

6     entitled, claim procedure.  Do you see that?

7          A    Yes.

8          Q    And to your knowledge have you ever submitted any

9     application for benefits under this particular plan to anyone

10    at EPRI?

11         A    No.  Didn't know this plan existed.

12         Q    Do you know of any EPRI employee who was told at

13    the time that they were -- their employment was terminated

14    that they are being terminated for poor performance that was

15    given a severance by the company?

16         MR. KENNELLY:    It assumes -- I object.  The

17    question assumes facts not in evidence and it's compound.

18    BY MR. TENHOFF:

19         Q    You can answer the question, sir, if you

20    understand it.

21         A    I do not wish to answer that question.

22         MR. KENNELLY:    That doesn't mean -- you don't

23    have an option.  All right.  Read the question back to him.

24         MR. TENHOFF:    Please.

25              (Record read by the reporter.)

Phone (415) 288-4280              Esquire Deposition Services              Fax (415) 288-4266
505 Sansome Street, Suite 502    San Francisco, California 94111              (800) 770-3362

George Sliter                                          September 14, 2007

1

2          A    No, I don't know of any such employee.

3          MR. TENHOFF:  Let's take a quick break.  I may

4     have a few more questions, but I want to see what those would

5     be.  Let's go off the record, please.

6                    (Recess 4:38 p.m.-4:46 p.m.)

7

8

9                    EXAMINATION (Continuing)

10    BY MR. TENHOFF:

11         Q    Back on the record.  In the termination meeting

12    if Phyllis Brown had offered you six months of severance at

13    what was then your existing 50 percent pay rate, would you

14    have sued the company?

15         MR. KENNELLY:    Objection.

16         A    Wow.

17         MR. KENNELLY:    Hypothetical.  Calls for

18    speculation.  I'm not going to let him answer that.

19         MR. TENHOFF:    Dennis, that is not grounds for

20    instructing him not to answer.

21    BY MR. TENHOFF:

22         Q    Could I have an answer to the question, please?

23         A    Should I answer?

24         MR. KENNELLY:    If you -- if you had an opinion

25    at the time, yes.

240

**EXHIBIT H**



LAW OFFICES OF

**DENNIS L. KENNELLY**
1030 CURTIS STREET, SUITE 200
MENLO PARK, CALIFORNIA 94025
TELEPHONE (650) 853-1291
FACSIMILE (650) 854-7839

<u>Via Facsimile to 650.855.8520</u>

September 21, 2007

> ┌─────────────────────┐
> │ **SETTLEMENT**          │
> │ **COMMUNICATION**       │
> │ **NOT ADMISSIBLE**      │
> │ **FOR ANY PURPOSE**     │
> │ **IN ANY**              │
> │ **PROCEEDING**          │
> └─────────────────────┘

Ms. Nancy Mason
Vice President Human Resources
Electric Power Research Institute
3420 Hillview Avenue
Palo Alto, CA 94303

                                    RE:    Claim For Severance Benefits

Dear Ms. Mason:

As you know, I represent George Sliter, a former EPRI Project Manager.  On his behalf, I hereby make a claim under the EPRI Severance Compensation Plan for his severance benefits arising out of his December, 2006 involuntary termination of employment.

Please direct all communication on this subject to me as his counsel.

                                    Yours truly,

                                    *Dennis L Kennelly*

                                    Dennis L. Kennelly

DAK/mh

cc:    George Sliter